### HORACE BETHANY V. THE STATE.

No. 3773.  Decided November 3, 1915.

1.—Forgery—Variance—Purport and Tenor Clauses—Indictment.

Where, upon trial of forgery, there was a variance between the purport and tenor clauses in the indictment, the same was bad on motion to quash, and in arrest of judgment.

2.—Same—Rule Stated—Purport and Tenor Clause—Indictment.

Where the purport clause unnecessarily alleges the instrument to be the act of one or more named parties, and the instrument set out by its tenor, is the act of more or fewer parties than are alleged in the purport clause, the variance is fatal.

3.—Same—Variance—Indictment—Rule Stated.

If the indictment undertakes to elect whose act the instrument purports to be, any variance between the purport and tenor clauses will be fatal.

Appeal from the District Court of Austin.   Tried below before the Hon. Frank S. Roberts.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Johnson, Matthaei & Thompson,* for appellant.—On question of insufficiency of the indictment:  Whitmire v. State, 70 Texas Crim. Rep., 475, 156 S. W. Rep., 1179; Simms v. State, 22 S. W. Rep., 876.

*C. C. McDonald,* Assistant Attorney General, for the State.—Cited Crayton v. State, 45 Texas Crim. Rep., 84.

DAVIDSON, JUDGE.—Appellant was convicted of forgery, his punishment being assessed at two years confinement in the penitentiary.

The Assistant Attorney General confesses error on the variance between the purport and tenor clauses.   The indictment alleges that Horace Bethany, naming the date and county, did unlawfully, without authority, and with intent to injure and defraud, wilfully and fraudulently make a certain false instrument in writing, purporting to be the act of another, towit: purporting to be the act of Willie Smith, which said false instrument is to the tenor as follows:   Then follows the instrument itself, signed by Horace Bethany, Richard Bethany and Willie Smith.

The indictment was attacked in the lower court on motion in arrest of judgment.   Without taking up these matters seriatim there are no innuendo or explanatory averments in the indictment with reference to the count in the indictment.   It seems under the authorities that where the purport clause unnecessarily alleges the instrument to be the act of one or more named parties, and the instrument set out by its tenor is the act of more or less parties than are alleged in the purport clause, the variance is fatal.   This is the rule aptly stated by Mr. Branch in his work on Criminal Law in section 382.   There are quite a number of cases cited by Mr. Branch in support of this statement of the law.   It is unnecessary, we think, here to recapitulate these cases. Mr. Branch has done so, and they will be found there collated.   It is also stated by the same writer, in the same section, that if the indictment undertakes to allege whose act the instrument purports to be, any variance between the purport and tenor clauses will be fatal.   He also collates quite a number of authorities under this statement of the law.   It was not necessary to have stated in the purport clause the names to the instrument, but having done so, and the instrument set out by its tenor shows it was signed by additional parties to those alleged in the purport clause, it seems under the authorities that this would be a fatal variance, especially in the absence of any innuendo or explanatory averments as to the nature of the instrument and its character.

There are other interesting questions in the case, and some serious

doubt about the sufficiency of the evidence, but those are not discussed in view of the above holding.

The judgment will be reversed and the prosecution ordered dismissed.

*Dismissed.*